IN THE COURT OF APPEALS OF THE NAVAJO TRIBE

WINDOW ROCK, NAVAJO NATION (ARIZONA)

| | | |
|---|---|---|
| THE NAVAJO NATION, | ) | No. A-CR-22-71 |
| | ) | MOTION TO QUASH |
| Plaintiff | ) | COURT ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| FRANKLIN HARRISON JONES, | ) | |
| | ) | |
| Defendant | ) | |

Comes now, Perry Allen, Prosecutor for the Navajo Tribe, respondent herein and moves the Court to quash th order of the Court issued on June 29, 1971 in the above-entitled cause, referring to case number WR2-272-3420-70 and case number WR1-909-680-71 for the following reasons, to wit:

I

The Court Order was issued ex parte, after the defendant was legally found guilty of the offenses of Assault and Battery, and Violation of Probation, and such ex parte action was not required by the Court in the interest of substantial justice, nor were circumstances in the nature of an emergency, 56 Am.Jur., Motions, Rules, and Orders § 33, and such order should not have issued ex parte.

II

No notice of appeal of hearing, nor any service of notice to the adverse party, was made. This is violation of Rule 27, Rules of Criminal Procedure. Failure to such notice to the

adverse party is violation of due process requirements, 56 Am.Jur., Motions, Rules, and Orders § 23.

## III

The Court of Appeals shall consist of the Chief Justice and two Trial Court judges (7 N.T.C. § 171), and no hearing was held before a legally convened Court of Appeals.

## IV

The Court Order cites as authority Title 7, § 173 of the Navajo Tribal Code. This authority is only for a duly convened Court of Appeals. The Chief Justice, without the two other judges as required by 7 N.T.C. § 171, does not constitute a Court of Appeals. 7 N.T.C. § 173 does not vest authority in the Chief Justice; therefore, the Court Order is without proper authority.

## V

Any error, if there be error, was error of the Trial Court in imposing sentence, and does not affect the issue of guilty or innocence. If such error was clerical, correction of the error may simply be made by the Court. If the error was the imposition of an illegal sentence, Rule 26 of the Rules of Criminal Procedure provides for correction of the sentence by the Court; no provision exists for the entire dismissal of the cases.

## VI

The Order of the Court of Appeals of the Navajo Tribe was wrongfully issued on an informal petition to the Chief Justice, resulting in the wrongful discharge of the defendant.

WHEREFORE, respondent prays the Court to quash the

order heretofore issued in this matter and to order a formal appeal be granted to hear the sole issue of sentence in accordance with procedure already established by the Court of Appeals of the Navajo Tribe.

Dated this 8th day of July, 1971.

/s/
Perry Allen, Prosecutor
Office of Prosecutor